# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM C. NANTZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1854 |
| | § | |
| OLYMPIA RESORT, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff William C. Nantz has filed a motion to remand, arguing that the defendants filed a defective remand notice and consent form. (Docket Entry No. 15). The defendants have responded. (Docket Entry No. 16).

Fifth Circuit law holds that "in order to comply with the requirements of § 1446 [the removal statute], all served defendants must join in the removal petition filed prior to the expiration of the removal period. This rule simply means there be some timely filed written indication from each served defendant, or from some person or entity to formally act on its behalf in this respect and to have the authority to do so that it has actually consented to such action." *Gillas v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) (quoting *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (emphasis omitted)). "The failure to conform to these procedural rules is not a jurisdictional defect." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE & PROCEDURE § 3733 (3d ed. 1998).

The defendants complied with Section 1446's requirements. Nantz's motion to remand is denied.

SIGNED on June 29, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge